[No. 18399. Department One. December 21, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Halfdan S. Jakobsen et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Defendant.*[1]

EXECUTORS AND ADMINISTRATORS (38)—CONTROL AND MANAGEMENT OF ESTATE—JURISDICTION OF COURT—DUTY OF EXECUTOR—EFFECT OF NON-INTERVENTION WILL. The probate court has jurisdiction to order the executor of a non-intervention will to appeal from the allowance of a claim against the estate, upon his action being called in question by the heirs, under Rem. Comp. Stat., § 1462, giving the court power to take over the entire management of such an estate in case the trust is not being administered faithfully (HOLCOMB, J., dissenting).

Application filed in the supreme court December 11, 1923, for a writ of mandamus to compel the superior court for King county, French, J., to assume jurisdiction of certain proceedings in probate. Granted.

*Rummens & Griffin,* for plaintiff.

[1]Reported in 221 Pac. 608.

PARKER, J.—The relators, being children of and residuary legatees under the last will and testament of Jorgen B. Jakobsen, deceased, seek a writ from this court requiring the superior court for King county to take jurisdiction of and proceed with a hearing upon their petition filed in that court asking that the executor of the will of Jorgen B. Jakobsen, deceased, be directed to appeal to this court from a certain judgment rendered by the superior court for King county establishing a claim against the estate.

From the undenied allegations of relators' petition filed in this court and the return of the superior court to the alternative writ issued thereon, the controlling facts may be summarized as follows: On January 1, 1922, Jorgen B. Jakobsen died in King county, leaving his non-intervention last will and testament, wherein, after certain specific bequests, he named these relators, his children and only heirs, as residuary legatees. The will was duly admitted to probate in the superior court for King county and the naming of Edwin W. Kemoe as executor confirmed by the court. Thereafter one Jenny Sommerseth presented to the executor her verified claim against the estate, claiming compensation for services rendered the deceased during his lifetime in the sum of $1,000. This claim was first allowed by the executor, but upon objection thereto by these relators it was by the court disallowed; such objection being made, and by consent of all concerned submitted to the court by the executor as though the estate were being administered in the usual manner under the direction of the court rather than exclusively under the terms of the non-intervention will. Thereupon the claimant commenced an action in the superior court for King county seeking recovery upon her claim. Thereupon, on motion of the attorney for the executor, the court appointed Tracy E. Griffin, of the firm of

Rummens & Griffin, as attorney for the executor and the estate to defend that action; the court evidently making such appointment and it being consented to, to the end that the rights of the residuary legatees should be protected, so far as the law would permit, by counsel who had in no manner anything to do with the first attempted allowance of the claim by the executor. That action proceeded to trial and resulted in judgment in favor of the claimant and against the estate and executor as such. Thereupon Mr. Griffin, in the interest of these relators as residuary legatees, advised the executor that an appeal should be taken from that judgment to this court; he being of the opinion that a reversal of the judgment would be had upon such appeal. This the executor refused to do or to permit Mr. Griffin to do. Thereupon these relators applied to the superior court for an order directing the executor to appeal from that judgment to this court, alleging facts as above noticed, facts to show the probability of a reversal upon an appeal, and facts to show that the executor was arbitrarily and capriciously refusing to appeal, though these relators, as the only heirs and residuary legatees, were the only persons who had anything to gain or lose by the appeal; it appearing that, after paying the specific bequests made in the will, all expenses of administration and all debts of the estate, there will remain in the estate ultimately passing to these relators as residuary legatees a large amount of property left by the deceased, the amount of which will be lessened if the judgment on the claim in question remains unchallenged. The relators' petition came on for hearing in the superior court, when objection to its jurisdiction was made by the executor in the form of a demurrer, upon the ground "that the court has no jurisdiction of the subject-matter contained therein." The superior court sustained this objection,

entering its order accordingly, and reciting as cause therefor as follows:

"It appearing to the court that the executor is acting under a non-intervention will, the court has no power to require the executor to appeal in said cause."

The ground of the superior court's ruling upon the question of its jurisdiction is rendered plain by the above quotation from its order, so our problem is as to whether or not the superior court has jurisdiction to make inquiry and decide whether or not it is the duty of the executor to appeal from the judgment of the superior court here drawn in question. The fact that the will of the deceased is a non-intervention will, we think, does not argue that the court may not, upon a proper showing, draw to itself jurisdiction and assume partial, as well as entire, control of the administration of estates being administered under non-intervention wills. In § 1462, Rem. Comp. Stat. [P. C. § 9967], relating to non-intervention wills and authorizing the settlement of estates thereunder without intervention of the courts, we note the following proviso:

". . . if the person named in the will shall fail to execute the trust faithfully and to take care and promote the interest of all parties, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heir, it shall be the duty of the court to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them have been or are about to be damaged by such actual doings of the executor, then, in the discretion of the court, administration may be had and required as is now required in the administration of estates, . . ."

The argument here made in behalf of the executor seems to be that the court must assume entire control

over the estate upon a proper showing or else not assume any control over it. It seems to us that, if the court has power to take over the entire management of the estate, as in cases of ordinary administration, it has power, upon a proper showing, to assume control over certain actions of the executor which may be drawn in question. In this case it is apparent that the executor has voluntarily submitted to the court, as though he were a general administrator, the question of the allowance of this claim and of how and to what extent the litigation with reference thereto shall be carried on. It is not a question here as to whether or not the superior court should direct the executor to appeal from the judgment establishing the claim, but whether or not the superior court shall assume jurisdiction over the management and control of the estate to the extent of inquiring as to whether or not it is the duty of the executor to appeal from the judgment in the interest of the estate, which, as we have noticed, would be in the sole interests of these relators as residuary legatees. We are of the opinion that the allegations of the petition filed in the superior court seeking inquiry by the court upon the question of whether or not the executor should appeal from the judgment establishing the claim present a question within its jurisdiction as to subject-matter. No question is here raised as to the court's jurisdiction over the person of the executor having been acquired by appropriate notice.

No question is here raised as to the manner or form of bringing this controversy into this court. It seems to be in form a mandamus proceeding, but it could be as well termed review or certiorari, and it is manifest that an appeal from the court's order refusing to assume jurisdiction would be wholly inadequate, in view of the fact that the time for appeal from the judgment of the superior court establishing the claim is

running and would in all probability expire before an appeal from the order here sought to be reviewed could be heard and disposed of in this court.

The writ should issue as prayed for, directing the superior court to assume jurisdiction and proceed as herein indicated. It is so ordered.

Main, C. J., Mackintosh, and Tolman, JJ., concur.

Holcomb, J. (dissenting)—I agree with the trial judge in that the lower court had no jurisdiction over an executor under a non-intervention will. Nor do I think this court has any more than the superior court. The writ should be denied.

I therefore dissent.