[No. 19474.   Department One.   March 25, 1926.]

*In the Matter of the Estate of* CLARA CHILLSON,
*Deceased.*

LLOYD DELONG *et al., Appellants, v.* WILLIAM CHILLSON,
*as Executor of the Estate of Clara Chillson,
Deceased, Respondent.*[1]

[1] EXECUTORS AND ADMINISTRATORS (3, 95)—WITHDRAWING ESTATE FROM ADMINISTRATION—VIOLATION OF TRUST—POWER OF COURT TO SUPERVISE—RIGHT OF ACTION AGAINST EXECUTOR. A petition states a proper case for administration of a non-intervention will by the court, under Rem. Comp. Stat., § 1462, providing for the same when the trust in the will is not faithfully discharged; and it is error to overrule a demurrer thereto where it is alleged that real estate was about to be sold to the executor's daughter for one-half its value, to pay claims which the devisees owning two-thirds of the property offered to pay to avoid sacrifice of the estate.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered February 10, 1925, dismissing an action to restrain a sale of decedent's real estate, upon an order sustaining a demurrer to a complaint. Reversed.

*McMaster, Hall & Schaefer,* for appellants.

*R. C. Sugg,* for respondent.

ASKREN, J.—Clara Chillson died on August 17, 1924, in Clark county, Washington, leaving a non-intervention will, under which she made her surviving husband, William H. Chillson, executor, and bequeathed two-

[1]Reported in 244 Pac. 244.

thirds of her property to two children by a former marriage, Lloyd V. DeLong and Lula A. Rickert, and the remaining third to her husband. The executor qualified, and the estate, consisting of real estate in Clark county, was appraised at $3,000. Thereafter a petition was filed in the superior court by the son and daughter, alleging that the real estate which had been appraised at $3,000 was actually worth $5,000 or $6,000; that the executor of the estate was about to sell the property for its appraised value to his daughter, at private sale, without any order of court; that there was no necessity for such sale; that petitioners were ready, willing and able to pay all the claims against the estate; and further alleged that the executor had failed to execute his trust faithfully and take care of the interests of all the parties. The prayer of the petition was that the executor be restrained from selling the real estate until a hearing could be had, and that the court assume the administration of the estate.

To this petition the executor filed a demurrer, which was sustained by the trial court. The court's order specifies that it is made upon the ground that "the allegations in the petition are not sufficient to justify the court in interfering with the orderly administration of the estate." This appeal followed.

[1] The sole question to be determined is, whether the allegations of the petition, undenied, were sufficient to require the court to hear evidence in support thereof.

Respondent's brief seems to indicate certain oral statements made to the court at the time of the argument upon the demurrer, but there is nothing in the record to show us what those statements were, and our decision must necessarily rest upon the naked allegations of the petition.

The authority for this proceeding is found in § 1462, Rem. Comp. Stat., in the proviso:

"If the person named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heir, it shall be the duty of the court to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them have been or are about to be damaged by such actual doings of the executor, then in the discretion of the court, administration may be had and required as is now required in the administration of estates, . . ."

We held in *State ex rel. Jacobsen v. Superior Court*, 127 Wash. 583, 221 Pac. 608, that, under a non-intervention will, the superior court could, upon a proper showing, assume either partial or entire control of an estate. The allegations of the petition indicate that the real property of the estate is about to be sold for approximately one-half its value. The purpose for which the real estate was to be sold was to pay claims filed against the estate, in the sum of $1,406.72. The petitioners were two heirs, who would receive two-thirds of the residue of the estate when it was closed. They offered to pay all the claims against the estate, in order to prevent what they alleged to be a sacrifice of the property of the estate. Whether a sale at the price offered, to-wit: $3,000, would in fact be a sacrifice or whether it would be a proper sale, would, of course, be a question of fact which the court should hear and determine. But the allegation that property worth $5,000 or $6,000 was about to be sold at private sale by the executor to a near relative for $3,000, coupled with an offer to pay

all claims against the estate, being undenied, we think the demurrer to the petition should have been overruled.

It is so ordered.

Tolman, C. J., Holcomb, Main, and Fullerton, JJ., concur.